THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO AQUINO AQUINO, Defendant and Appellant.

No. CR-63-187.        Decided May 27, 1964.

*Pedro Aquino Aquino, pro se,* and *José F. Menéndez,* counsel designated by the Supreme Court to give legal aid to defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: Appellant was convicted under § 29 of the Narcotics Act of Puerto Rico—Act No. 48 of June 18, 1959 —because on January 16, 1961 he had in his possession and ownership the narcotic drug marihuana and because on said date he sold said narcotic drug. He was sentenced as a subsequent offender for each violation to an indeterminate

sentence of from ten to twenty years to be served concurrently.

■ On appeal he assigns three errors. In two of them he charges that the court erred in having permitted the testimony of a witness whose name was not endorsed on the information and because said witness had been in the courtroom. The witness to whom he refers was the Secretary of the Minors' Guardianship Court who did not testify as to the facts and who appeared to identify the material evidence for the purpose of its admission, because said evidence had been in the possession of the Secretary because of a former proceeding. The errors were not committed, and appellant's rights were in no way prejudiced.

■ The other error assigned involves a question of law. The information alleges that appellant was a subsequent offender because in 1954 he was convicted by the United States Court for Puerto Rico for the violation of § 2591 (a) of Title 26 of the United States Code for transferring the drug known as marihuana. Appellant accepted said conviction although he raised the point that the same was not legally effective in this proceeding. In view of the foregoing the trial court decided that the question of the subsequent offense was not to be presented to the jury.

Appellant assumes the position that to sentence him on the basis of a subsequent crime constituted for him an *ex post facto* application of the Narcotics Act of 1959 because said Act was not in force at the time of his conviction in the federal court. He is not right. When he committed the offense the Narcotics Act was already in force. Its § 40 provides that every offense committed through violating the provisions of this act shall be in subsequent degree whenever the accused has been previously convicted for violating any of the provisions of this act or of the laws hereby repealed, or of the narcotic laws of the United States or of its states or territories. As we said in *People* v. *Quiñones*, 74 P.R.R. 111

. (1952), the purpose of § 40 of the Narcotics Act is to bring offenders within a specific class, for which this Act fixes a heavier punishment. See: *Cases* v. *United States*, 131 F.2d 916.

The judgments of conviction will be affirmed.